# STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
                                                    Docket No. 98-7-17 Vtec

| Poultney Properties LLC Change of Use  &  SP App. |
|---|

## ENTRY REGARDING MOTION

Count 1, Municipal DRB Multiple Types (98-7-17 Vtec)

Title:            Motion for Reconsideration (Motion 12)

Filer:            Neal C. Vreeland

Attorney:       Pro Se

Filed Date:     April 26, 2019

Response in Opposition filed on 05/10/2019 by Attorney David G. Carpenter for party 2 Co-
    counsel

**The motion is DENIED.**

Poultney Properties, LLC, appeals the partial denial of its application for change of use and site plan approval by the Town of Poultney Development Review Board (DRB).  A group of Poultney residents, Concerned Citizens of Poultney, and Neal Vreeland joined the appeal to oppose the application.  Presently before the Court is Mr. Vreeland's motion for reconsideration of our November 26, 2018 Decision (Decision) on Mr. Vreeland and Poultney Properties' cross-motions for summary judgment based on new evidence.

The Court treats motions to reconsider interlocutory orders similarly to motions to amend or alter a final judgment under V.R.C.P. 59(e), although the 10-day time limit is not strictly applied.  See, e.g., In re Lathrop Ltd. P'ship I, Nos. 122-7-04 Vtec, 210-9-08 Vtec, 136-8-10 Vtec, slip op. at 10 (Vt. Super. Ct. Envtl. Div. Apr. 12, 2011) (Durkin, J.); see also In re Old Lantern Non-Conforming Use, NO. 154-12-15 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Sept. 13, 2017) (Durkin, J.).  The Court has identified four basic grounds for granting such a motion: (1) to "correct manifest errors of law or fact upon which the judgment is based"; (2) to allow a moving party to "present newly discovered or previously unavailable evidence"; (3) to "prevent manifest injustice"; and (4) to respond to an "intervening change in controlling law."  Id. at 10—1 (quoting 11 Wright, Miller, & Kane, Federal Practice and Procedure: Civil 2d § 2810.1).

Relief pursuant to a motion to reconsider is "an extraordinary remedy which should be used sparingly."  In re Zaremba Grp. Act 250 Permit, No. 36-3-13 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Apr. 10, 2014) (Walsh, J.) (quoting Federal Practice and Procedure: Civil 2d § 2810.1). Therefore, motions for reconsideration should "not be used to relitigate old matters . . . or present evidence that [was or] could have been raised prior to the entry of the judgment."  In re Vanishing Brook Subdivision, No. 223-10-07 Vtec, slip op. at 4 (Vt. Envtl. Ct. July 10, 2008) (Wright, J.) (citing Federal Practice and Procedure: Civil 2d § 2810.1).

Mr. Vreeland asserts that on approximately September 1, 2018 Poultney Properties filed a petition with the Town of Poultney (Town) requesting a change in the Poultney Unified Bylaws.

Specifically, Poultney Properties submitted a petition requesting that the Poultney Unified Bylaws be revised "to inset 'Mixed Commercial/Light Industrial' use into Article III ('Table of Uses') and to designate Mixed Commercial/Light Industrial uses as permitted uses ('P') within the Village Industrial Zoning District."

Mr. Vreeland asserts that this is new evidence warranting reconsideration because the petition amounts to an extrajudicial admission by Poultney Properties that the Poultney Unified Bylaws do not allow such uses in the Village Industrial Zoning District. He argues this is contrary to the interpretation Poultney Properties submitted in its motion for summary judgment and related filings.

This is not the type of newly discovered evidence that would warrant the extraordinary remedy of reconsideration of this Court's legal analysis and conclusion reached in our Decision. Further, we note that Mr. Vreeland's offers evidence of an event that occurred over three months prior to the issuance of our Decision and is being presented to this Court five months after issuance. We conclude this evidence is not grounds for reconsideration.[1]

For these reasons, we **DENY** Mr. Vreeland's motion for reconsideration of our November 26, 2018 Decision.

So ordered.

Electronically signed on May 21, 2019 at 03:12 PM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

Notifications:
David R. Cooper (ERN 4756), Attorney for Appellant Poultney Properties, LLC.
Interested Person Concerned Citizens of Poultney
Gary R. Kupferer (ERN 3547), Attorney for Interested Person Town of Poultney
Interested Person John Swenor
Interested Person Neal C. Vreeland
Interested Person Linda S. Pepler
Interested Person Walter Ribeiro
Interested Person Rebecca Ribeiro
David G. Carpenter (ERN 6139), Attorney for party 2 Co-counsel
For Informational Purposes Only Charles Hall

---

[1] We note that Mr. Vreeland appears to raise another issue related to the Court's Decision. Mr. Vreeland states that the Court reached an interpretation of the Poultney Unified Bylaw that was not argued by Poultney Properties. Mr. Vreeland does not expressly state that this is itself grounds for reconsideration. To the extent he does, however, we conclude that this issue merely reflects Mr. Vreeland's disagreement with our Decision and is not grounds for reconsideration. See In re Rivers Dev., LLC, Appeals, Nos. 7-1-05 Vtec, 183-8-07 Vtec, 248-11-07 Vtec, 157-7-08 Vtec, slip op. at 5 (Vt. Envtl. Ct Nov. 21, 2008) (Durkin, J.) ("Disagreement between the moving part[y] and the court is not grounds for reconsideration.") (citation omitted).